SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@ sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiffs
DOUGLAS & CRYSTAL YAEGER

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS YAEGER, an individual, & CRYSTAL YAEGER, an individual,<br><br>vs.<br><br>EXPERIAN INFORMATION SERVICES, INC.; EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR CREDIT REPORTING ACT,**<br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiffs, DOUGLAS & CRYSTAL YAEGER, both individuals, by and through their attorneys of record, hereby complain and allege as follows:

## INTRODUCTION

1. Plaintiffs, through their attorneys, bring this action to challenge the actions of Defendant EXPERIAN INFORMATION SERVICES, INC. (hereinafter "EXPERIAN") and Defendant EQUIFAX INFORMATION SERVICES, LLC

(hereinafter "EQUIFAX"), for failing to conduct a reasonable investigation into Plaintiff's disputes of the misinformation upon her consumer credit report, failing to delete inaccurate information thereupon, and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's consumer credit report, all violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA"); and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

## JURISDICTION & VENUE

2. This action arises out of Defendants EQUIFAX's and EXPERIAN's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

3. The U.S. District Court has supplemental jurisdiction over Plaintiff's causes of action for the State of California CCRAA, pursuant to 28 U.S.C. § 1367(a).

5. Defendants EXPERIAN and EQUIFAX both regularly conduct business within the State of California by collecting personal information related to every adult resident of the State of California and providing that information to various business entities within the State of California, and therefore personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiffs resided in the County of Riverside, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiffs are each a natural person whose permanent residence is in the

1 | County of Rierside, State of California.

2 |     8.    Defendant EQUIFAX is physically located at 1550 Peachtree Street NW,
3 | H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of
4 | California as identified above.

5 |     9.    Defendant EXPERIAN is physically located at 475 Anton Blvd., H46, in
6 | the City of Costa Mesa, State of California, and regularly does business in the State of
7 | California.

8 |     10.    Plaintiff are each a natural person, and therefore a "consumer" as that term
9 | is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. §
10 | 1681a(c) of the Federal FCRA.

11 |     11.    The causes of action herein partially pertain to Plaintiffs' "consumer credit
12 | reports", as that term is defined by Calif. Civ. Code § 1785.3(c) of the California
13 | CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate
14 | misrepresentations of Plaintiffs' credit worthiness, credit standing, and credit capacity
15 | were made via written, oral, or other communication of information by a consumer
16 | credit reporting agency, which is used or is expected to be used, or collected in whole or
17 | in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for,
18 | among other things, credit to be used primarily for personal, family, or household
19 | purposes, and employment purposes.

20 |     12.    The causes of action herein also pertain to Plaintiff' '"consumer credit
21 | report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate

1 representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

13. Defendants EXPERIAN and EQUIFAX are each a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

14. In March of 2015, Plaintiffs settled a lawsuit against Wells Fargo Bank, N.A. entitled *Douglas Yaeger et al. v. Wells Fargo Home Mortgage Inc. et al* within the Superior Court for the County of Riverside, case number MCC1400702.

15. The settlement agreement called for Wells Fargo Bank, N.A. to update the manner of its reporting of its home mortgage loan account with Plaintiffs, by changing

the Metro 2[1] Account Status Code from 94 to Account Status Code 65.

16. The resulting effect is that the comments section of the account as reported by Wells Fargo Bank, N.A. would be changed from "settled less than full balance" to "account paid in full; foreclosure was started".

17. This was an important update for Plaintiffs, because they did, in fact, pay the mortgage loan in full after foreclosure proceedings had started, and it is false for anyone to claim that the account was settled for less than full balance.

18. Accurately stating that the account was paid in full is an accurate reflection of Plaintiffs' creditworthiness, as it shows that they pay their accounts in full as opposed to trying to negotiate their debts and financial obligations down to a lesser amount.

19. In August 2015, Plaintiffs discovered that the Wells Fargo Bank, N.A. mortgage loan account was still reflecting on their credit reports as "settled less than full balance".

20. By letters dated September 1, 2015, Plaintiffs each sent individual dispute letters on their own behalf to Defendants EXPERIAN and EQUIFAX informing each Defendant that the Wells Fargo account should not be reported as "settled less than full balance" because the loan was actually paid in full.

---

[1] Metro 2 is a credit reporting guideline developed by the Consumer Data Industry Association ("CDIA"), a trade-group of which Defendants are key members. Metro 2 represents the industry standard, and credit furnishers are required by the credit bureaus, including Defendants, to provide credit information according to the Metro 2 Guidelines.

**Complaint for Damages and Injunctive Relief**

21. Defendants EXPERIAN and EQUIFAX received these dispute letters, as is evidenced by the fact that the credit reports prepared for Plaintiffs in October 2015 and later acknowledge the disputes having been lodged as to the Wells Fargo account.

22. Wells Fargo Bank, N.A. has provided to Plaintiffs an Automated Universal Data form—the standard form for a bank/creditor to use when updating account information to a credit reporting agency—confirming that on September 9, 2015, Wells Fargo Bank, N.A. informed both Defendants EXPERIAN and EQUIFAX that the account with Plaintiffs must be updated with Metro 2 Status Code 65 so that the account would reflect "account paid in full; foreclosure was started".

23. However, Plaintiffs' consumer credit reports with Defendants from November 2015 to the present time still inaccurately reflect the wrong status by claiming that the account with Wells Fargo Bank, N.A. was settled less than full balance, while yet acknowledging the consumers' disputes.

24. Plaintiffs are therefore informed and believe that both Defendants have failed to conduct a reasonable investigation into their disputes from September 2015, as they have clearly refused to accept Wells Fargo's updated information.

25. Plaintiffs are also therefore informed and believe that both Defendants have failed to maintain and follow reasonable procedures to ensure maximum possible accuracy of the information being reported about the consumers to whom the information pertains.

26. Plaintiffs are informed and believe that Defendants' violations were

willful, since they clearly identified the inaccurate information being reported and because Wells Fargo Bank, N.A. has provided them with proof that the account was properly updated by them.

27. As a result, Plaintiffs have suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought that even after a lawsuit against the furnisher (Wells Fargo Bank, N.A.) the problem still is not rectified due to Defendants' willful refusal to accept the updated information, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing their credit reports is seeing the false information that they settled the account less than full balance, thereby creating the false impression that they fail to pay their debts and financial obligations in full.

28. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendants EXPERIAN and EQUIFAX, pursuant to Calif. Civ. Code § 1785.16 of the California CCRA (emphasis added):

> (a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, ***the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user***, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the

consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation *the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information*. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. *If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file*.

29. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendants EXPERIAN and EQUIFAX, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

(a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable*

*reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller*.

(a)(5)(A) In general. *If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall*—

(i) *promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation*; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

30. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendants EXPERIAN and EQUIFAX, pursuant to 15 U.S.C. § 1681e(a) & (b) of the Federal FCRA (emphasis added):

(a) Identity and purposes of credit users. *Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c]* and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USCS § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USCS § 1681b].

(b) Accuracy of report. *<u>Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates</u>*.

### FIRST CAUSE OF ACTION AS TO BOTH DEFENDANTS
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16

31. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

32. As the credit reporting agencies, Defendants EXPERIAN and EQUIFAX have always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA.

33. Plaintiffs are informed and believe that Defendants EXPERIAN and EQUIFAX violated California Civil Code § 1785.16(a)-(b) of the California CCRA after they lodged a written dispute with them in September 2015 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiffs, failed to correct or delete the information, failed to consider all relevant information, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendant's subsequent reports have maintained the very inaccurate information about which Plaintiffs complained and have obtained proof from Wells Fargo as to its furnishing of the updated information.

34. Plaintiffs are informed and believe that Defendant EXPERIAN's and EQUIFAX's violations were willful, since they clearly identified the inaccurate

information being reported and because Wells Fargo Bank, N.A. has provided them with proof that the account was properly updated by them.

35. As a result, Plaintiffs have suffered mental anguish and emotional distress by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration over the thought that even after a lawsuit against the furnisher (Wells Fargo Bank, N.A.) the problem still is not rectified due to Defendants' willful refusal to accept the updated information, as well as fear, humiliation, and embarrassment over the thought that potential creditors and anyone else viewing their credit reports is seeing the false information that they settled the account less than full balance, thereby creating the false impression that they fail to pay their debts and financial obligations in full.

**SECOND CAUSE OF ACTION AS TO BOTH DEFENDANTS**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)**

36. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

37. As the credit reporting agencies, Defendants EXPERIAN and EQUIFAX have always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of the Federal FCRA.

38. Plaintiffs are informed and believe that Defendants EXPERIAN and EQUIFAX violated 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA after they lodged a written dispute with them in September 2015 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by

1  Plaintiffs, failed to correct or delete the information, failed to consider all relevant

2  information, and failed to employ and follow reasonable procedures to prevent such

3  inaccurate reporting since Defendant's subsequent reports have maintained the very

4  inaccurate information about which Plaintiffs complained and have obtained proof from

5  Wells Fargo as to its furnishing of the updated information.

6      39.  Plaintiffs are informed and believe that Defendants EXPERIAN and

7  EQUIFAX violated 15 U.S.C. §§ 1681e(a) & (b) of the Federal FCRA by maintaining

8  the very inaccurate information about which Plaintiffs complained.

9      40.  Plaintiffs are informed and believe that Defendant EXPERIAN's and

10 EQUIFAX's violations were willful, since they clearly identified the inaccurate

11 information being reported and because Wells Fargo Bank, N.A. has provided them

12 with proof that the account was properly updated by them.

13     41.  As a result, Plaintiffs have suffered mental anguish and emotional distress

14 by way of anxiety, nervousness, sleeplessness, and feelings of despair and frustration

15 over the thought that even after a lawsuit against the furnisher (Wells Fargo Bank,

16 N.A.) the problem still is not rectified due to Defendants' willful refusal to accept the

17 updated information, as well as fear, humiliation, and embarrassment over the thought

18 that potential creditors and anyone else viewing their credit reports is seeing the false

19 information that they settled the account less than full balance, thereby creating the

20 false impression that they fail to pay their debts and financial obligations in full.

21 ///

**Complaint for Damages and Injunctive Relief**

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs that judgment be entered against Defendants individually, and Plaintiffs be awarded damages as follows:

1. Actual damages in the amount of $25,000.00, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA, and Calif. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2)(A) of the Calif. CCRAA;

2. Plus punitive damages in the amount of $5,000.00 per willful violation pursuant to Calif. Civ. Code §1785.31(a)(2)(B) of the Calif. CCRAA;

3. Plus statutory punitive damages in the amount of $1,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(1)(A) of the Federal FCRA;

4. Plus punitive damages in the amount of $50,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(2) of the Federal FCRA

5. Injunctive relief to remove the inaccurate derogatory credit reporting information;

6. Any reasonable attorney's fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o of the Federal FCRA, and Calif. Civ. Code §§1785.31 of the Calif. CCRAA.

///

///

///

///

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: 03/02/2016

/s/ Jared M. Hartman, Esq.
JARED M. HARTMAN, ESQ.
Attorney for Plaintiffs